UNITED STATES DISTRICT COURT FOR THE
SOUTHERN DISTRICT OF FLORIDA
Miami Division

Case Number: **13-21009-CIV-MORENO**

ISMAEL LOPEZ,

    Plaintiff,

vs.

MARLBOROUGH HOUSE, INC.,

    Defendant.

_____/

## ORDER GRANTING MOTION TO DISMISS AND GRANTING LEAVE TO AMEND COMPLAINT

THIS CAUSE came before the Court upon the Defendant's Motion to Dismiss **(D.E. No. 9)**, filed on **April 29, 2013**.

THE COURT has considered the motion, the response, and the pertinent portions of the record, and being otherwise fully advised in the premises, it is

**ADJUDGED** that the motion is GRANTED. Plaintiff has leave to file an amended complaint by no later than July 8, 2013 that is consistent with this order. Failure to do so may be grounds for the Court to close the case.

### I. Background

Plaintiff, a maintenance worker, filed a one-count complaint under the Fair Labor Standards Act against Marlborough House, Inc., a condominium association organized under Chapter 718 of the Florida Statutes. Plaintiff alleges that Marlborough is engaged in interstate commerce and "operates as an organization which sells and/or markets its services and/or goods to customers throughout the United States." Plaintiff also alleges that "Marlborough provides its services for

goods sold and transported from across state lines of other states, and solicits funds from non-Florida sources, accepts funds from non-Florida sources, uses telephonic transmissions going over state lines to do business, transmits funds outside the State of Florida, and otherwise regularly engages in interstate commerce." Plaintiff adds that Marlborough has annual gross revenues in excess of $500,000.

Defendant has moved to dismiss stating that Plaintiff's allegations are insufficient to establish individual or enterprise coverage under FLSA.

## II. Legal Standard

"To survive a motion to dismiss, plaintiffs must do more than merely state legal conclusions," instead plaintiffs must "allege some specific factual basis for those conclusions or face dismissal of their claims." *Jackson v. BellSouth Telecomm.*, 372 F.3d 1250, 1263 (11th Cir. 2004). When ruling on a motion to dismiss, a court must view the complaint in the light most favorable to the plaintiff and accept the plaintiff's well-pleaded facts as true. *See St. Joseph's Hosp., Inc. v. Hosp. Corp. of Am.*, 795 F.2d 948, 953 (11th Cir. 1986). This tenet, however, does not apply to legal conclusions. *See Ashcroft v. Iqbal*, 129 S. Ct. 1937, 1949 (2009). Moreover, "[w]hile legal conclusions can provide the framework of a complaint, they must be supported by factual allegations." *Id.* at 1950. Those "[f]actual allegations must be enough to raise a right to relief above the speculative level on the assumption that all of the complaint's allegations are true." *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 545 (2007). In short, the complaint must not merely allege a misconduct, but must demonstrate that the pleader is entitled to relief. *See Iqbal*, 129 S. Ct. at 1950.

## III. Legal Analysis

At issue in the motion to dismiss is whether the Defendant is an "employer" as defined by

the Fair Labor Standards Act. A company is an employer covered by the act if that company is an "enterprise engaged in commerce or in the production of goods for commerce." 29 U.S.C. § 201, *et seq.* The statute sets forth two requirements to be considered an "enterprise engaged in commerce or in the production of goods for commerce." 29 U.S.C. § 203(s)(1). It states:

> (A)(i) has employees engaged in commerce or in the production of goods for commerce, or that has employees handling, selling, or otherwise working on goods or materials that have been moved in or produced for commerce by any person; and
>
> (ii) is an enterprise whose annual gross volume of sales made or business is not less than $500,000 (exclusive of excise taxes at the retail level that are separately stated).

Subsection (i) has two distinct prongs from which an employer can qualify as an enterprise under the statute. The Code of Federal Regulations provides further clarification:

> An enterprise . . .will be considered to have employees engaged in commerce or in the production of goods for commerce, including the handling, selling, or otherwise working on goods that have been moved in commerce by any person if . . .it regularly and recurrently has at least two or more employees engaged in such activities. On the other hand, it is plain that an enterprise that has employees engaged in such activities only in isolated or sporadic occasions, will not meet this condition.

29 C.F.R. § 779.238. Put simply, the statute requires that two or more employees (i) recurrently engage in commerce or the production of goods for commerce, or (ii) recurrently handle materials that previously moved through interstate commerce.

Plaintiff alleges that Marlborough is engaged in interstate commerce and "operates as an organization which sells and/or markets its services and/or goods to customers throughout the United States." Plaintiff also alleges that "Marlborough provides its services for goods sold and transported

from across state lines of other states, and solicits funds from non-Florida sources, accepts funds from non-Florida sources, uses telephonic transmissions going over state lines to do business, transmits funds outside the State of Florida, and otherwise regularly engages in interstate commerce."

The Court finds Plaintiff's allegations are conclusory and the complaint lacks factual support to show how the Defendant condominium association engaged in interstate commerce. The legal standard set forth in *Twombly* and *Iqbal* require the Plaintiff's legal conclusions to be supported by factual allegations. Certainly, the Court cannot discern from reading this complaint how a local condominium association engaged in interstate commerce as is required by FLSA. Accordingly, the Court grants the motion to dismiss without prejudice and grants Plaintiff leave to amend the complaint.

DONE AND ORDERED in Chambers at Miami, Florida, this 24 day of June, 2013.

_____
FEDERICO A. MORENO
UNITED STATES DISTRICT JUDGE

Copies provided to:

Counsel of Record