UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA
MIAMI DIVISION

Case No. 13-CV-21009-Moreno/Otazo-Reyes

| | |
|---|---|
| ISMAEL LOPEZ, and other similarly-situated individuals, | ) ) |
| | ) |
| Plaintiff(s), | ) |
| | ) |
| v. | ) |
| | ) |
| MARLBOROUGH HOUSE, INC., | ) |
| | ) |
| Defendant. | ) |
| | ) |

**PLAINTIFF'S RESPONSE TO DEFENDANT'S RULE 12(b)(6)
MOTION TO DISMISS PLAINTIFF'S FIRST AMENDED COMPLAINT**

The Plaintiff, ISMAEL LOPEZ (the "Plaintiff") pursuant to the Federal Rules of Civil Procedure and the Local Rules for the Southern District of Florida, hereby submits his Response to Defendant's Rule 12(b)(6) Motion to Dismiss Plaintiff's First Amended Complaint [DE 16] and requests, based on the foregoing response that Defendant's motion be denied with prejudice.

## I.   INTRODUCTION

In this Circuit, the instant Amended Complaint clearly states a cause of action for unpaid overtime wages under the Fair Labor Standards Act (the "FLSA"). Defendant attempts to persuade this Court that Plaintiff has failed to allege sufficient facts to establish either individual or enterprise coverage under the FLSA. Defendant further claims that the Amended Complaint fails to meet the pleadings standards for a collective action. Despite Defendant's arguments, the Amended Complaint conforms to the pleading standards set out in the Federal Rules and applicable case law. As a result, Defendant's Motion to Dismiss Amended Complaint should be denied.

## II.  MEMORANDUM OF LAW

In passing on a motion to dismiss under Rule 12(b)(6), the Court is mindful that "[d]ismissal of a claim on the basis of barebones pleadings is a precarious disposition with a high mortality rate." *Int'l Erectors, Inc. v. Wilhoit Steel Erectors Rental Serv.*, 400 F.2d 465, 471 (5th Cir. 1968). Thus, if a complaint "shows that the Plaintiff is entitled to *any* relief that the Court can grant, regardless of whether it ask for the proper relief," it is sufficiently plead. *Dotschay v. Nat. Mut. Ins. Co.*, 246 F.2d 221 (5th Cir. 1957). As the Supreme Court declared in *Conley v. Gibson*, 355 U.S. 41, 45-46, 78 S.Ct. 99, 2 L.Ed.2d 80 (1957), a complaint should not be dismissed for failure to state a claim unless it appears "beyond doubt that the plaintiff can prove not set of facts in support of his claim that would entitle him to relief." *See also, Cook & Nichol, Inc. v. The Plimsoll Club*, 451 F.2d 505 (5th Cir. 1971). The Federal Rules of Civil Procedure "do not require a claimant to set out in detail the facts upon which he bases his claim," *Conley*, 355 U.S. at 47. Instead, all that is required is that the claimant set forth a "short and plain statement of the claim" sufficient to give the Defendant "fair notice of what the Plaintiff's claim is and the grounds upon which it rests." *Id.* In evaluating a motion to dismiss, the district court must view the complaint in the light most favorable to the nonmoving party. *Scheuer v. Rhodes*, 416 U.S. 232 (1974).

### III.   ANALYSIS

#### A.  Plaintiff Has Sufficiently Pled Individual and Enterprise Coverage under the FLSA

In the Eleventh Circuit under the FLSA, a complaint that alleges the defendant (a) has employees "who are engaged in interstate commerce" and "(b) that some employees are required to work in excess of 40 hours per week without being paid statutory overtime" is sufficient to survive a motion to dismiss. *Mitchell v. E-Z Way Towers, Inc.*, 269 F.2d 126, 130 (5th Cir.

2

1959).[1] In *Spigner v. Lessors Inc.*, 2011 U.S Dist. Lexis 41729 (M.D Fla. 2011), a sister Court found the following allegations sufficient to state an FLSA overtime claim: (a) that the Plaintiff was an employee engaged in commerce and the Defendant was an enterprise and employer within the meaning of the FLSA; (b) that the Plaintiff worked over 40 hours in a work week for which the defendant failed to pay him overtime; and (c) that the Plaintiff was not exempt. *Id.* at *4-6. In *Horwitz v. 13 Café & Lounge, Inc.*, 2010 U.S. Dist. Lexis 137514 (M.D. Fla. 2010), a Court denied the Defendant's Motion to Dismiss, finding following facts stated an FLSA overtime claim: (a) that the Defendant was an enterprise and was Plaintiffs' employer; (b) that the Plaintiffs worked overtime for which he was not properly compensated; and (c) that the Plaintiff was non-exempt. In *Anish*, the Court held the following allegations to be sufficient to state a claim under the FLSA: (a) that the Plaintiff was a non-exempt employee who regularly worked over forty hours per week for the Defendant; (b) that the Defendant took a liberal view of the complaint in light of the Plaintiff's *pro se* status failed to compensate the Plaintiff at the statutory rate of time and one-half for the hours in excess of forty;... and (c) that the Defendant is an employer engaged in interstate commerce. *Anish v. National Securities Corp.*, 2010 U.S. Dist. Lexis 109939 (S.D. Fla. 2010).

In an FLSA case where the employer raised a coverage argument on a motion to dismiss, Judge Graham, in his opinion denying the employer's motion, noted:

> Roberts alleges that she engaged in work that affects interstate commerce. Roberts also alleges that Caballero & Castellanos is an accounting firm that is engaged in interstate commerce for the relevant period and that she was of the belief that Caballero & Castellanos grossed in excess of $500,000 annually. Accepting Roberts' well pleaded facts as true and construing the Complaint in the light most favorable to Roberts, Roberts

---

[1] All Fifth Circuit decisions prior to October 1, 1981 are binding on the Eleventh Circuit. *Bonner v. Pritchard*, 661 F.2d 1206 (11th Cir. 1981).

has stated a claim upon which relief can be granted. These issues, especially the extent of Caballero & Castellanos' gross sales, are issues more appropriately determined at the summary judgment stage.

*Roberts v. Caballero & Castellanos, P.L., et al.*, U.S. Dist. LEXIS 1783 at * 9-10 (S.D. Fla.

2010).

In the instant case, the Amended Complaint [DE 15] sufficiently alleges a cause of action under the FLSA, as stated by the Eleventh Circuit in *Mitchell*. The Amended Complaint alleges:

- Plaintiff is covered employee for purposes of the act (Complaint ¶ 2);

- Defendant was and is engaged in interstate commerce (Complaint ¶¶ 3, 6);

- Defendant operates as an organization which sells and/or markets its services and/or goods to customers from throughout the United States and also provides its services for goods sold and transported from across state lines of other states, and Defendant obtains and solicits funds from non-Florida sources, accepts funds from non-Florida sources, uses telephonic transmissions going over state lines to do its business, transmits funds outside the State of Florida, and otherwise regularly engages in interstate commerce, particularly with respect to its employees (Complaint ¶ 6);

- Plaintiff, by virtue of working in interstate commerce, satisfies the FLSA's requirements (Complaint ¶ 6);

- Upon information and belief, the annual gross revenue of Defendant was in excess of $500,000.00 per annum (Complaint ¶ 6);

- At all relevant times, Defendant was and is a condominium association that markets, sells and/or leases units to, *inter alia*, "seasonal" tenants who reside in other states and/or countries. Plaintiff was employed by Defendant as a maintenance worker for Defendant's business. As a maintenance worker for Defendant, Plaintiff, and other similarly situated employees, used materials supplied by Defendant and/or purchased with a credit card issued to Defendant for use by Plaintiff, on a constant and/or continual basis, which moved through interstate commerce prior to and/or subsequent to Defendant's use of the same. In addition, Plaintiff utilized telephone on a constant and/or continual basis to communicate with Defendant's tenants outside of Florida regarding maintenance issues affecting their condominium units in Florida. By reason of the foregoing, Defendant is and was, during all times hereafter mentioned, an enterprise engaged in commerce or in the production of goods for commerce as defined in §§ 3 (r) and 3(s) of the Act, 29 U.S.C. § 203(r) and 203(s) and/or Plaintiff, and those

4

similarly situated, was and/or is engaged in interstate commerce for Defendant. Defendant's business activities involve those to which the Fair Labor Standards Act applies. (Complaint ¶ 7).

Plaintiff alleged that he is entitled to the protections of the FLSA under both individual and enterprise coverage. This district has found such allegations to be valid at this stage of the pleading process. See *Moreno v. Ferretti Group of America, LLC*, 2011 WL 4499031 (S.D. Fla. 2011) (finding that a complaint alleging $500,000.00 in annual income coupled with allegations of interstate commerce to be sufficient to establish enterprise coverage).

## 1. Individual Coverage

"Individual coverage" is a method by which a specific employee may be covered by the FLSA due to the specific activities that the individual employee was engaged in, either by working for an instrumentality of interstate commerce or by regularly using instrumentalities of interstate commerce in the employee's work. *Throne v. All restoration Services, Inc.*, 448 F.3d 1264, 1265-66 (11th Cir. 2006). *See* 29 U.S.C. § 207(a)(1).

Any "communication" across state lines constitutes "commerce" under the definition. 29 C.F.R § 776.8. The FLSA makes no distinction as to the percentage, volume or amount of activities of either employee or employer which constitute engaging in commerce or in the production of goods for commerce. Every employee regularly engaged in activities in commerce or in the production of goods for commerce, even though small in amount, is covered by the FLSA. *See Marshall v. Victoria Transp. Co.*, 603 F.2d 1122, 1124 (5th Cir. 1979); 29 C.F.R. § 776.3.

An employee is engaged in commerce under the FLSA by regularly using the instrumentalities of interstate commerce *or* regularly engaging in "the production of goods if such employee was employed in producing, manufacturing, mining, *handling*, transporting, or in

any other manner working on such goods, or in any closely related process or occupation directly essential to the production thereof." 29 U.S.C. § 203(j) (emphasis added); *see also Figueroa v. America's Custom Brokers, Inc.*, 48 F. Supp. 2d 1372, 1372 (S.D. Fla. 1999). The court in *Figueroa* indicated that "Federal courts have interpreted this broad definition of production to include commerce, even if the employee's specific business is local." *Id.* at 1376. In *Figueroa*, Plaintiff worked in a warehouse and his duties included loading and unloading fish. *Id.* The court found that employees who load and unload goods that are a part of interstate commerce are engaged in commerce for purposes of the FLSA as they handled these goods in a daily basis. *Id.* at 1375.

In the case at issue, Plaintiff was a maintenance worker at Defendant's condominium. On a regular basis, he handed tools and materials that moved in interstate commerce. Plaintiff also regularly used an instrumentality of interstate commerce – namely a telephone[2] – to communicate with tenants in other states regarding maintenance-related issues. As discussed above, the production of goods includes handling of goods that have moved in interstate commerce. As such, Plaintiff was engaged in the production of goods for commerce. Accordingly, Defendant's Motion to Dismiss should be denied.

## 2. Enterprise Coverage

Under the enterprise coverage doctrine, an individual employee does not himself need to be involved in an activity that affects interstate commerce to be covered by the FLSA. *Boekemeier v. Fourth Universalist Society in the City of New York*, 86 F. Supp. 2d 280, 285

---

[2] In order to meet the "engaged in commerce" prong, the employee "must be directly participating in the actual movement of persons or things in interstate commerce by (i) working for an instrumentality of interstate commerce, e.g., transportation or communication industry employees, or (ii) by regularly using the instrumentalities of interstate commerce in his work, e.g., regular and recurrent use of interstate *telephone*, telegraph, mails, or travel." *See Thorne v. All Restoration Servs., Inc.*, 448 F.3d 1264, 1266 (11th Cir. 2006).

(S.D. N.Y. 2000). Rather, if the employer constitutes an "enterprise" as defined by the FLSA, all employees of the enterprise are covered regardless of whether they are individually engaged in interstate commerce. *Tony & Susan Alamo Found. v. Secretary of Labor*, 471 U.S. 290, 295, n. 8 (1985).

Under this standard, even a purportedly "local" business such as a laundry is covered if the products used and/or sold in the business move through interstate commerce. *Velez v. Vassallo*, 203 F.Supp.2d 312, 328 (S.D.N.Y. 2002). Additionally, employees of virtually every retail business regularly handle supplies and other "everyday items," some of which undoubtedly moved in interstate commerce – such that an enterprise with at least two (2) employees that has sales in excess of $500,000 per year is covered by the FLSA. *Archie v. Grand Cent. P'ship*, 997 F.Supp. 504, 530 (S.D.N.Y. 1998) (where an employer meets the $500K gross sales threshold, employees who handle cleaning supplies and other "everyday items" are covered by the FLSA). Indeed, the 1974 amendments to the FLSA effectively signify "that virtually every enterprise in the nation doing the requisite dollar of business" is subject to enterprise coverage. *Id.* at 530 (*citing Dunlop v. Industrial Am. Corp.*, 516 F. 2d 498, 501-02 (5th Cir. 1975)) n3; *Pierre v. Lori-Al Cleaners*, 2006 U.S. Dist. LEXIS 85182 at * 14-15 (S.D. Fla. Nov. 22, 2006) (employer's MSJ denied in FLSA case where defendant's gross sales were over $ 500K and the dry cleaning business used soap, equipment, and other materials which were manufactured outside the State of Florida). *See also*, *Marshall v. Sunshine & Leisure, Inc.*, 496 F.Supp. 354, 35-59 (M.D. Fla. 1980) (where rest home for the aged constituted an enterprise where the employer bought and used supplies to clean and maintain the rest home); *Figueroa v. America's Custom Brokers, Inc.*, 48 F. Supp. 2d 1372 (S.D. Fla. 1999) (employee who handled and worked with fish that moved through interstate commerce was covered by the FLSA); *Dole v. Odd Fellows Home Endowment*

*Bd.*, 912 F. 2d 689 (4th Cir. 1990) (employees who prepared and served food, washed clothes, cleaned and performed maintenance tasks used materials that had moved in interstate commerce; therefore, employer was an enterprise under the FLSA); *Donovan v. Pointon*, 717 F. 2d 1320 (10th Cir. 1983) (employees who operated machinery and performed maintenance on the equipment used materials that had moved in interstate commerce; therefore, employer was an enterprise under the FLSA); *Walker v. Washbasket Wash & Dry*, 2001 WL 770804 * 8 (E.D. Pa. 2001) (the use of washing machines and dryers that moved in interstate commerce is sufficient to satisfy the "engaged in commerce" requirement); *Marshall v. Brunner*, 668 F. 2d 748 (3d Cir. 1982) (employees who used trucks, tires, batteries, accessories, brooms, shovels, and gas used goods and materials that had moved in interstate commerce; therefore, employer was an enterprise); *Marshall v. Davis*, 526 F.Supp. 325 (M.D. Tenn. 1981) (defendant purchased supplies such as paint, soap, detergents, caulking, plumbing supplies, light bulbs, etc. and although these items were purchased locally, the items previously had moved in interstate commerce); *Hodgson v. David M. Woolin & Son, Inc.*, 1971 U.S. Dist. LEXIS 12598 (S.D. Fla. June 30, 1971) (developer/contractor held to be a covered enterprise under the FLSA where maintenance workers and janitors "handled or otherwise worked on" soaps, cleansers and cleaning compounds originating outside the State of Florida).

Based on the foregoing, even though Defendant's business may be local, by virtue of Plaintiff's and other similarly situated employees' activities, the products and materials it used had moved in interstate commerce. That, combined with the allegation that the Defendant's annual sales exceeded $500,000, establishes enterprise coverage under the FLSA. Accordingly, Defendant's Motion to Dismiss should be denied.

8

**B.** **Plaintiff Has Sufficiently Asserted Claims on Behalf of Similarly Situated**
**Individuals**

Defendant argues that Plaintiff's Amended Complaint must be dismissed for failure to meet the pleading standards for a collective action. Defendant's argument is impermissible at this juncture. It is axiomatic that a motion to dismiss an amended pleading may not include grounds that were available and not asserted when the motion to dismiss the former pleading was made. Arguments not properly presented in a party's initial brief or raised for the first time in the reply brief are deemed waived. *Eisenberg v. Shendell & Assocs., P.A.*, 2011 U.S. Dist. LEXIS 35096 (S.D. Fla. March 31, 2011) (citing *United States v. Fiallo-Jacome*, 874 F.2d 1479, 1482 (11th Cir. 1989)). The basis for Defendant's "collective action" argument appears in the original Complaint. In fact, the allegations pertaining to similarly situated employees are identical in both versions of the Complaint. As such, by failing to raise these grounds for dismissal in its motion to dismiss the original complaint Defendant waived this argument with regard to the Amended Complaint.

In addition to being procedurally improper, Defendant's argument also lacks merit or, at the very least, premature. Section 216(b) of the FLSA provides a private cause of action against an employer "by any one or more employees for and in behalf of himself or themselves and other employees similarly situated." 29 U.S.C. § 216(b). The decision to certify an opt-in class under § 216(b) remains soundly within the discretion of the district court. *Hipp v. Liberty Nat. Life Ins. Co.*, 252 F.3d 1208, 1219 (11th Cir. 2001). For a putative collective action under 29 U.S.C. 216(b) to be certified and thus permitted to proceed to trial as a collective action, employees bringing the action must demonstrate they are similarly situated. 29 U.S.C. § 216(b). The FLSA, however, does not define "similarly situated," nor does it prescribe a method for certifying a

9

collective action. *O'Brien v. Ed Donnelly Enters.*, 575 F.3d 567, 584 (6th Cir. 2009). Notwithstanding, the majority of courts utilize a two-stage process to determine whether plaintiffs and potential opt-ins are similarly situated and may therefore proceed to trial collectively.

At the first stage, known as the "conditional certification" stage, the court determines whether notice of the action should be issued to potential opt-in plaintiffs and whether the action should proceed initially as a collective action. *See*, *e.g.*, *White v. MPW Indus. Serv., Inc.*, 236 F.R.D. 363, 366 (E.D. Tenn. 2006); *Laroque v. Domino's Pizza, LLC*, 557 F. Supp. 2d 346, 352 (E.D.N.Y. 2008). At this stage, Plaintiff need only make a "modest factual showing" that members of the proposed collective action are similarly situated. *See*, *e.g.*, *Hoffman v. Sbarro*, 982 F. Supp. 249, 261 (S.D.N.Y. 1997). In fact, courts generally require little more than substantial allegations, supported by declarations or discovery, that plaintiffs and putative members of the proposed collective action are similarly situated. *Lewis v. Wells Fargo Co.*, 669 F. Supp. 2d 1124, 1127 (N.D.Cal. 2009). Plaintiffs need only show that they and the putative class members are "similar, not identical." *See*, *e.g.*, *Pendlebury v. Starbucks Coffee Co.*, 518 F. Supp. 2d 1345, 1362 (S.D. Fla. 2007); *Grayson v. K-Mart Corp.*, 79 F.3d 1086, 1096 (11th Cir. 1996).

In the instant case, the Plaintiff has not yet filed a motion for conditional certification and, as such, no notice has yet been issued to potential opt-in plaintiffs. Plaintiff made sufficient allegations regarding "similarly situated" employees as required at this stage of the litigation, and will provide evidence in support of those allegations at the time he files a motion for conditional certification.

Based on the foregoing, Defendant's Motion to Dismiss should be denied.

## IV.    CONCLUSION

For the reasons stated above, the Plaintiff respectfully requests that this Court deny the Defendant's Motion to Dismiss Plaintiff's Amended Complaint.


Respectfully submitted,

By: ____/s/ Ilona D. Anderson
Ilona D. Anderson, Esquire
Fla. Bar No.: 0025477
Email: ilona.demenina@gmail.com
THE LAW FIRM OF
ILONA DEMENINA ANDERSON, P.L.
1600 Ponce de Leon Blvd., 10th floor
Miami, Florida 33134
Telephone: (786) 350.1062
Facsimile:  (786) 364.7295


## CERTIFICATE OF SERVICE

I hereby certify that on August 15, 2013, I electronically filed the foregoing document with the Clerk of the Court using CM/ECF. I also certify that the foregoing document is being served this day on all counsel of record or pro se parties identified on the attached Service List in the manner specified, either via transmission of Notices of Electronic Filing generated by CM/ECF or in some other authorized manner for those counsel or parties who are not authorized to receive electronically Notices of Electronic Filing.

By  /s/  Ilona D. Anderson_____

11

## SERVICE LIST

**Lopez v. Marlborough House, Inc.**
Case No. 13-CV-21009-Moreno/Otazo-Reyes
**United States District Court, Southern District of Florida**

**R. Martin Saenz, Esquire**
E-Mail: msaenz@saenzlawfirm.com
THE SAENZ LAW FIRM, P.A.
20900 N.E. 30th Avenue, Ste. 800
Aventura, Florida 33180
Telephone: (305) 503-5131
Facsimile: (888) 270-5549
Co-counsel for Plaintiff
Service by CM/ECF

**Mitchel Chusid, Esquire**
**David L. Rosinsky, Esquire**
Ritter Chusid Bivona & Cohen LLP
Heron Bay Corporate Center Suite 201
5850 Coral Ridge Drive
Coral Springs, FL 33076
954-340-2200
Fax: 954-340-2210
Email: mchusid@ritterchusid.com
Email: drosinsky@ritterchusid.com
Attorneys for Defendant