UNITED STATES DISTRICT COURT FOR THE
SOUTHERN DISTRICT OF FLORIDA
Miami Division

Case Number: 13-21009-CIV-MORENO

ISMAEL LOPEZ,

    Plaintiff,

vs.

MARLBOROUGH HOUSE, INC.,

    Defendant.
_____/

## ORDER DENYING MOTION TO DISMISS

Plaintiff is a maintenance worker, who is suing the Defendant Marlborough House, Inc., for violations of the Fair Labor Standards Act. Defendant has moved to dismiss the complaint arguing the Plaintiff's allegations are insufficient to establish individual or enterprise coverage as required by the Act. Having reviewed those allegations, the Court disagrees and finds Plaintiff states a cause of action under the Fair Labor Standards Act.

THIS CAUSE came before the Court upon Defendant's Motion to Dismiss **(D.E. No. 16)**, filed on **July 29, 2013**.

THE COURT has considered the motion, the response, and the pertinent portions of the record, and being otherwise fully advised in the premises, it is

**ADJUDGED** that the motion is DENIED. Defendant shall file an answer to the Amended Complaint by no later than **October 10, 2013**. Failure to do so may constitute grounds for default judgment.

## I. BACKGROUND

Following a dismissal without prejudice of Plaintiff's initial complaint, Plaintiff, a maintenance worker, filed a one-count Amended Complaint under the Fair Labor Standards Act against Marlborough House, Inc., a condominium association organized under Chapter 718 of the Florida Statutes. Plaintiff's Amended Complaint alleges that Defendant was engaged in interstate commerce. The Amended Complaint states that Defendant operates as an organization that sells its goods and services from across state lines. Defendant also allegedly uses telephonic transmissions going over state lines to do its business, transmits funds outside the State of Florida, and otherwise regularly engages in interstate commerce, particularly with respect to its employees. Plaintiff adds that Marlborough has annual gross revenues in excess of $500,000.

More specifically, Plaintiff alleges that the Defendant condominium association markets, sells, and leases units to "seasonal" tenants who reside in other states and countries. As a maintenance worker for Defendant, Plaintiff used materials supplied by Defendant. Plaintiff also used a credit card assigned to him by the Defendant to purchase materials that moved through interstate commerce. Plaintiff also claims he used a telephone on a continual basis to communicate with Defendant's tenants outside of Florida regarding maintenance issues affecting their condominium units in Florida.

Defendant has moved to dismiss stating that Plaintiff's allegations are insufficient to establish individual or enterprise coverage under FLSA. Plaintiff disagrees and argues his allegations are sufficient to establish both.

## II. LEGAL STANDARD

"To survive a motion to dismiss, plaintiffs must do more than merely state legal

conclusions," instead plaintiffs must "allege some specific factual basis for those conclusions or face dismissal of their claims." *Jackson v. BellSouth Telecomm.*, 372 F.3d 1250, 1263 (11th Cir. 2004). When ruling on a motion to dismiss, a court must view the complaint in the light most favorable to the plaintiff and accept the plaintiff's well-pleaded facts as true. *See St. Joseph's Hosp., Inc. v. Hosp. Corp. of Am.*, 795 F.2d 948, 953 (11th Cir. 1986). This tenet, however, does not apply to legal conclusions. *See Ashcroft v. Iqbal*, 129 S. Ct. 1937, 1949 (2009). Moreover, "[w]hile legal conclusions can provide the framework of a complaint, they must be supported by factual allegations." *Id.* at 1950. Those "[f]actual allegations must be enough to raise a right to relief above the speculative level on the assumption that all of the complaint's allegations are true." *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 545 (2007). In short, the complaint must not merely allege a misconduct, but must demonstrate that the pleader is entitled to relief. *See Iqbal,* 129 S. Ct. at 1950.

### III. LEGAL ANALYSIS

#### A. Individual Coverage

"Individual coverage" provides for FLSA coverage for specific employees based on the individual's specific activities, either by working for an instrumentality of interstate commerce or by regularly using instrumentalities of interstate commerce in the employee's work. *Thorne v. All Restoration Servs., Inc.*, 448 F.3d 1264, 1265-66 (11th Cir. 2006); *see* 29 U.S.C. § 207(a)(1).

Any "communication" across state lines constitutes "commerce" under the definition. 29 C.F.R. § 776.8(b). Every employee regularly engaged in activities in commerce or in the production of goods for commerce, even though small in amount, is covered by the FLSA. *See Marshall v. Victoria Transp. Co.*, 603 F.2d 1122, 1124 (5th Cir. 1979); 29 C.F.R. § 776.3. For example, the Eleventh Circuit in *Thorne* stated that the recurrent and regular use of the interstate telephone was

sufficient to establish that an employee is directly participating in interstate commerce. *Thorne*, 448 F.3d at 1266; *see also Figueroa v. America's Custom Brokers, Inc.*, 48 F. Supp. 2d 1372 (S.D. Fla. 1999) (holding that even where an employee's specific business is local, the FLSA applies when employee handles goods that are a part of interstate commerce).

Plaintiff is a maintenance worker at Defendant's condominium. He alleges that he regularly handled tools and materials that moved in interstate commerce. Plaintiff also regularly used a telephone to communicate with tenants in other states regarding maintenance issues in their units. The Court finds these allegations sufficient to establish "individual coverage" under FLSA.

### B. Enterprise Coverage

The motion to dismiss the amended complaint presents the issue of whether the Defendant is an "employer" under FLSA. The statute sets forth two requirements for a business to be considered an "enterprise engaged in commerce or in the production of goods for commerce." 29 U.S.C. § 203(s)(1). It states:

> (A)(i) has employees engaged in commerce or in the production of goods for commerce, or that has employees handling, selling, or otherwise working on goods or materials that have been moved in or produced for commerce by any person; and
>
> (ii) is an enterprise whose annual gross volume of sales made or business is not less than $500,000 (exclusive of excise taxes at the retail level that are separately stated).

Subsection (i) has two distinct prongs from which an employer can qualify as an enterprise under the statute. The Code of Federal Regulations provides further clarification:

> An enterprise . . . will be considered to have employees engaged in commerce or in the production of goods for commerce, including the handling, selling, or otherwise working on goods that have been moved in commerce by any person if . . . it regularly and recurrently has at least two or more employees engaged in such activities. On the other hand, it is plain that an enterprise that has employees engaged

>in such activities only in isolated or sporadic occasions, will not meet this condition.

29 C.F.R. § 779.238. Put simply, the statute requires that two or more employees (i) recurrently engage in commerce or the production of goods for commerce, or (ii) recurrently handle materials that previously moved through interstate commerce.

Plaintiff alleges that Marlborough is engaged in interstate commerce and "operates as an organization which sells and/or markets its services and/or goods to customers throughout the United States." Plaintiff also alleges that "Marlborough provides its services for goods sold and transported from across state lines of other states, and solicits funds from non-Florida sources, accepts funds from non-Florida sources, uses telephonic transmissions going over state lines to do business, transmits funds outside the State of Florida, and otherwise regularly engages in interstate commerce."

Taken in the light most favorable to the Plaintiff, the allegations in this case are sufficient to state a claim under FLSA. *See Roberts v. Caballero & Castellanos, P.L.*, No. 09-23131-CIV-MOORE, 2010 WL 114001, *3 (S.D. Fla. Jan. 11, 2010) (denying motion to dismiss when plaintiff alleged defendant, an accounting firm, engaged in interstate commerce). The Plaintiff in this case, like the plaintiff is *Roberts*, has made the same allegations.

### C. Collective Action

Defendant also moves to dismiss arguing Plaintiff fails to meet the pleading standards for a collective action. Section 216(b) of the FLSA provides a private cause of action against an employer "by any one or more employees for and in behalf of himself or themselves and other employees similarly situated." 29 U.S.C. § 216(b). Plaintiff has not yet moved the Court for conditional certification, and the Court will decide whether Plaintiff meets the standard if Plaintiff so moves.

-6-

Accordingly, the Court denies the motion to dismiss.

DONE AND ORDERED in Chambers at Miami, Florida, this 2nd day of ~~September~~ October, 2013.

_____
FEDERICO A. MORENO
UNITED STATES DISTRICT JUDGE

Copies provided to:

Counsel of Record